OPINION
PER CURIAM.
Wallace Harden, proceeding pro se and in forma pauperis, sued various employees and officials of the Delaware Correctional Center and the State of Delaware. Screening Harden’s amended complaint pursuant to 28 U.S.C. § 1915A, the District Court dismissed the claims against most of the defendants as frivolous and for failure to state a claim. The only remaining claims were claims of retaliation against two defendants. After a considerable period of time for discovery, those two defendants moved for summary judgment. Initially, in response, Harden sought to amend his complaint and twice requested that counsel be appointed for him. When the District Court denied his requests, he responded to the defendants’ motion. The District Court then granted the defendants’ motion and entered judgment in their favor. Harden appeals.
*237 We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the orders dismissing Harden’s claims and granting summary judgment is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000); Abramson v. William Paterson College, 260 F.3d 265, 276 (3d Cir.2001). We review the . order denying leave to amend and the order denying the requests for appointment of counsel for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir.2004); Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir.1993). Upon review, we conclude that Harden’s appeal must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)® because it has no arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
As the parties are familiar with the facts (which the District Court twice set forth at length), we will refer to them only as necessary to our analysis. We need not repeat all of the allegations to conclude, as the District Court did, that Harden did not state a claim under the statutes he mentioned at the beginning of his complaint, namely the Americans with Disabilities Act, the Civil Rights Act of 1991, or the Handicap Persons Employment Protection Act. And it is the absence of allegations against Defendants Attorney General Brady, Carl Danberg, K. Hazzard, and James Porter that supported the dismissal of claims against those defendants.
Furthermore, as the District Court concluded, Harden did not state a claim again Lisa Merson or Kenneth Milborne by alleging merely that they provided information to him. Nor did he state a claim against defendants Governor Minner, Commissioner Taylor, Warden Carroll, Deputy Warden Burris, Tommy Young, Jim Fritz, J. Lupinetti, Ron Drake, Sheryl Morris, H. Legates, Paul Downing, and Jay Wingle based on his theory of respon-deat-superior liability, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988), or otherwise. Harden also did not allege a constitutional violation through his claim of verbal abuse and harassment by Phillis Helper. See, e.g., Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987) (stating that not every unpleasant experience a prisoner faces, like verbal abuse or harassment, constitutes cruel and unusual punishment). In the absence of a constitutional violation, Harden’s related conspiracy claim against defendants Fritz, Young, Morris, Legates, Downing, and Wingle also failed. See Williams v. Fedor, 69 F.Supp.2d 649, 655 (M.D.Pa.1999) (quoting Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir.1999), to note the requirement of an actual violation of a protected right to state a cause of action).
At the summary judgment phase, Harden sought to renew some of his claims that the District Court dismissed on screening, but the District Court did not allow him to amend his complaint again. Leave to amend should be granted unless amendment is futile or inequitable. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir.2002). Undue delay, bad faith, and dilatory motive on the part of the plaintiff and prejudice to the defendant suggest inequity. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir.2000). In this case, the proposed amendment was based on information Harden knew about before he filed his case but that he submitted after considerable delay (two-and-a-half years after the defendants’ answer) and after the defendants moved for summary judgment. The District Court did not abuse its discretion by denying the request to amend the already amended complaint in light of the delay and prejudice to the defendants in this case.
After the defendants filed their motion for summary judgment on the remaining retaliation claims, Harden also requested *238 that counsel be appointed to represent him. To decide whether to appoint counsel, a court must, as a threshold manner, determine whether a claim has arguable merit in fact and law. See Tabron, 6 F.3d at 155. If a claim has some merit, then a court must evaluate additional factors. See id. at 156-57. The District Court did not abuse its discretion in denying Harden’s requests for counsel. The District Court identified and weighed the appropriate considerations. Furthermore, under the circumstances of this case, at the point that Harden sought counsel, his retaliation claims did not have arguable merit. The defendants’ motion for summary judgment was based in part on Harden’s own deposition testimony, which completely undermined his claim.
In light of the facts which the defendants presented (opposed by Harden only by the argument that he should have been represented by counsel at his deposition), the District Court properly granted summary judgment in favor of the defendants. To prevail, Harden had to prove that the conduct that led to the alleged retaliation was constitutionally protected. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.2001). He needed also to show that, at the hands of prison officials, he suffered some adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights. See id. He also had to prove that his constitutionally protected conduct served as a substantial or motivating factor for the adverse action. See id. The defendants could rebut by showing by a preponderance of the evidence that they would have taken the adverse action even in the absence of the protected activity. See id.
As the District Court concluded, even if Harden could meet his burden under the Rauser framework, the defendants presented unopposed facts (including Harden’s deposition testimony and letters he had written) to prove that they would have taken the adverse action anyway and terminated him from his employment with the prison food service. They provided evidence supporting their legitimate penological reasons for their action, namely that Harden violated orders, had problems with the kitchen staff, believed that staff and inmates were “out to get him,” and had difficulty accepting authority.
For the reasons given above, the District Court properly entered judgment in favor of the defendants. Because this appeal has no arguable basis in fact or law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)®.